CAUSE NO. _____

| | | |
|---|---|---|
| VICKIE DELEON | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC., | § | |
| Defendant. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VICKIE DELEON ("DELEON"), Plaintiff, and complains of WAL-MART STORES TEXAS, LLC. ("Walmart"), Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.    Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.    Plaintiff, VICKIE DELEON, is a natural person residing in Harris County, Texas.

3.    Defendant, WAL-MART STORES TEXAS, LLC. ("Walmart"), is a foreign corporation organized and existing under the laws of the State of Delaware, whose principal office is located at 702 SW 8th Street #0555- Tax Dept., Bentonville, State of Arkansas, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

EXHIBIT A

### III.
### Request Pursuant to Rule 28 for Substitution of True Name

4.      To the extent that WAL-MART STORES TEXAS, LLC. is conducting business pursuant to a trade name or assumed name, then suit is brought against WAL-MART STORES TEXAS, LLC. pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and VICKIE DELEON  hereby demands upon answer to this suit, that WAL-MART STORES TEXAS, LLC. answer in its correct legal and assumed names.

### IV.
### Jurisdiction and Venue

5.      This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6.      The amount in controversy is within the jurisdictional limits of this Court.

7.      Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections  15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

### V.
### Nature of the Case

8.      On October 26, 2020, Plaintiff was shopping at Walmart Supercenter store #752 located at 5200 Fairmont Parkway, Pasadena, TX 77505.  As Plaintiff was walking through the store, Plaintiff slipped/tripped and fell in liquid left standing on the floor, landed forcefully on the ground and sustained severe and extensive injuries to her body (the "Fall").

## VI.
## Causes of Action

A.  ***Walmart's Premises Liability***

9.    DELEON incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10.    There can be no question that DELEON is an innocent victim in this case. At the time of the Fall, DELEON was an invitee of Walmart because she was a customer at Walmart store #752.  Because store #752 was open to the public, Walmart extended an invitation to DELEON to shop at Walmart for the mutual benefit of both parties. Consequently, Walmart, by and through its employee/agents owed DELEON the duty to inspect the premises and maintain them in a reasonably safe manner.

11.    Walmart was the owner and/or operator of store #752 at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred.  Such negligence was the proximate cause of DELEON's damages.

12.    The liquid left on the premises of Walmart store #752 posed an unreasonable risk of harm because individuals walking through the store may slip/trip and fall through no fault of their own and severely injure themselves.

13.    Walmart, by and through its employee/agents knew or should have known of the dangerous condition of the premises of Walmart store #752 for numerous reasons including, but not limited to:

> a.    Customers notified Walmart of the dangerous condition
> at store #752 or other Walmart stores of similar design
> and construction around the country;

b.   Walmart agents, servants, or employees actually witnessed accidents caused by the dangerous condition at store #752 or other Walmart stores of similar design and construction around the country;

c.   Walmart agents, servants, or employees actually caused the dangerous condition at store #752 or other Walmart stores of similar design and construction around the country;

d.   Walmart agents, servants, or employees were involved in the design and construction of the dangerous condition at store #752 or other Walmart stores of similar design and construction around the country;

e.   Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #752 or other Walmart stores of similar design and construction around the country;

f.   Walmart agents, servants, or employees actually took precautionary measures regarding the dangerous condition at store #752 or other Walmart stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

g.   The dangerous condition existed long enough at store #752 or other Walmart stores of similar design and construction around the country that Walmart did or should have discovered it upon reasonable inspection.

14.   Walmart breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn DELEON of the dangerous condition at store #752. Each of these acts or omissions, taken alone or collectively, amount to premises liability by Walmart and DELEON sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to DELEON as a result of its premises liability.

## B.   *Walmart's Negligence*

15.     DELEON incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.     At the time of the Fall, DELEON was an invitee at Walmart and, as such, Walmart had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.     Walmart, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn DELEON of the dangerous condition at store #752. Each of these acts or omissions, taken alone or collectively, amount to negligence by Walmart and DELEON sustained damages as a proximate result of Walmart's conduct. Accordingly, Walmart is liable to DELEON as a result of its negligence.

## C.   *Walmart's Malicious & Grossly Negligent Conduct*

18.     DELEON incorporates by reference the statements made in the above paragraphs as if fully set out herein.

19.     Walmart acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7).  Specifically, Walmart, by and through its employee/agents failed to reasonably inspect, or ensure that others reasonably inspected, the premises of Store #752 to determine if the premises were safe and acted with total disregard for the circumstances existing at the time.   In the alternative, Walmart, by and through its employee/agents failed to make the dangerous condition on its premises reasonably safe

and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

20.     When viewed from the perspective of Walmart at the time of the acts or omissions, the acts or omissions of Walmart involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Moreover, Walmart had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, Walmart is liable to DELEON for exemplary damages.

### VII.
### Damages

#### A.    *General Damages of VICKIE DELEON*

21.     At the time of the accident made the basis of this suit, Plaintiff, VICKIE DELEON, was 59 years of age.

22.     As a direct and proximate result of Defendant's negligence, Plaintiff, VICKIE DELEON, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23.     From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, VICKIE DELEON, for each element are as follows:

> a.    The physical pain that VICKIE DELEON has suffered from the date of the accident in question up to the time of trial.

> b.    The mental anguish that VICKIE DELEON has suffered from the date of the accident in question up to the time of trial.

    c.      The damages resulting from the physical impairment suffered by VICKIE DELEON and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

    d.      The loss of any earnings sustained by VICKIE DELEON from the date of the incident in question up to the time of trial.

    e.      The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, VICKIE DELEON, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.      The physical pain that VICKIE DELEON will suffer in the future beyond the time of trial.

    b.      The mental anguish that VICKIE DELEON will suffer in the future beyond the time of trial.

    c.      The damages resulting from the physical impairment that VICKIE DELEON will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

    d.      The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

    e.      The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25.     Because of all of the above and foregoing, Plaintiff, VICKIE DELEON, has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

**B.     *Medical Damages of VICKIE DELEON***

26.     Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, VICKIE DELEON, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date.  Plaintiff, VICKIE DELEON,  here now sues  for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

**C.     *Gross Negligence/Malice***

27.     The actions of the Defendant was so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law.  Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

**D.     *Prejudgment Interest***

28.     In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

**VIII.**
**Conditions Precedent**

29.     All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

**IX.**
**Miscellaneous**

30.     DELEON respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

**X.**
**T.R.C.P. 47©**

31.     Pursuant to T.R.C.P. 47©, Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

**XI.**
**Request for Disclosure**

32.     Under Texas Rule of Civil Procedure 194, Plaintiff VICKIE DELEON requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (l).

**XII.**
**RULE 193.7 NOTICE**

33.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XIII.
## <u>Prayer</u>

WHEREFORE PREMISES CONSIDERED, VICKIE DELEON asks that Defendants be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, VICKIE DELEON as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)     Post-judgment interest;

(e)     Costs of Court; and,

(f)     Such other and further relief, both general and special, legal and equitable, to which VICKIE DELEON may show herself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**

By: /s/ *Jeffrey N. Todd*

**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone:  (832) 243-4953
Telecopier:  (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**